## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 24-20073-01-DDC

JUNJIE ZHANG
    a.k.a. JEFF ZHANG,

        Defendant.

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorneys Taylor Hines and Scott C. Rask, and Junjie Zhang, the defendant, personally and by and through his counsel, Melanie Morgan and Kylie Mank, enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Information charging a violation of Title 18, U.S.C. § 1001, that is, Making a False Statement. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Information to which he has agreed to plead guilty is not more than five years of imprisonment, a $250,000 fine, three years of supervised release, and a $100 mandatory special assessment. The defendant further agrees to make restitution totaling $9,000.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> At all times relevant to the Information, the defendant, Jeff Zhang, was a Senior Material and Process Engineer at an aviation company in Wichita, Kansas, with permission to access confidential data and proprietary information. After Mr.

Ver. 03-01-24

Zhang displayed allegedly suspicious behavior during a work trip to China in 2018, his employer reported the incident to the FBI.

On September 6, 2019, Customs and Border Patrol ("CBP") stopped Mr. Zhang at Dallas Fort Worth International Airport while boarding a flight to China. CBP officers directed Mr. Zhang to a "secondary check" and interviewed him. The officers inquired if he had any work-related information on his electronic devices. Mr. Zhang falsely denied having any work-related material on the devices.

The officers located a thumb drive and a laptop computer in Mr. Zhang's backpack. Mr. Zhang told the officers that the drive and laptop only contained personal and family information. On the laptop, the officers discovered documents belonging to Mr. Zhang's employer marked "Proprietary" and "Confidential" along with graphs and blueprints associated with the aviation company's work. The officers found similar documents on the thumb drive. When the officers asked Mr. Zhang the reason for these documents being on the devices, he responded that they were all related to his employment and that he had permission to have the documents.

CBP seized Mr. Zhang's laptop and thumb drive and then alerted the FBI of the incident and seizure. The FBI contacted Mr. Zhang's employer, who reported that he was not authorized to have the documents on his personal devices nor authorized to leave the country with proprietary and confidential information. The FBI obtained a search warrant for the devices and identified work-related documents. In subsequent interviews with the FBI, Mr. Zhang admitted that he knew he had the work-related documents on the thumb drive and laptop with him for his planned flight to China.

By denying that he possessed a thumb drive and a laptop containing proprietary data/trade secrets related to aviation products or services used in interstate or foreign commerce, Mr. Zhang knowingly and willfully made a material false statement to officers in the executive branch of the United States government. The parties agree that the value of the proprietary data on Mr. Zhang's devices is difficult to calculate but is greater than $95,000 but less than $150,000.

3.  **Application of the Sentencing Guidelines.** The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable

evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a) to dismiss the indictment at the time of sentencing;

(b) to not file any additional charges against the defendant arising out of the facts forming the basis for the indictment or the present information;

(c) to recommend a sentence at the low end of the applicable Guideline range, and to allow the defendant to reserve the right to request a downward variance;

(d) to recommend the defendant receive a two-level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility (because most trial preparations were concluded before the defendant decided to plead guilty, the United States will not move at the time of sentencing for an additional one-level reduction for acceptance of responsibility);

(e) to return personal photographs, documents, and materials to the defendant from the assets described in Paragraph 7; and

(f) to recommend no fine.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting

3

statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6.      **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7.      **Abandonment of Assets.** The defendant knowingly and voluntarily agrees and consents:

4

The defendant agrees to the abandonment of the following property to the United States:

(a)     Seagate external drive enclosure, Model SRD0NF2, 8TB, with serial number NA8FB97L;

(b)     Seagate internal hard drive, Model ST8000AS0002, with serial number Z840SFRG;

(c)     Seagate hard drive, Model SRD00F2, 5TB, with serial number NA4KREAT; and

(d)     White Samsung 256GB Note 10+ Model SM-N975U1 with IMEI 358909100076017 and serial number RF8M8187SBW and phone number with area code (316) and ending in 0525.

The defendant agrees that this property was involved or used in the possession of child pornography. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses regarding the abandonment of the property. The defendant acknowledges and agrees that the abandonment of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him. Additionally, the defendant agrees to sign any and all documents necessary to effectuate the transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

8.     **Restitution.** The defendant knowingly and voluntarily agrees and consents to pay restitution pursuant to 18 U.S.C. § 3663(a)(3) for losses caused by defendant's conduct and relevant conduct in this case, not just losses resulting from the counts of conviction, in the following amounts.

| Victim: | Total Loss: | Agreed Restitution: |
|---|---|---|
| "J Blonde" series | > $10,000 | $3,000 |
| "KDV" series | | $3,000 |

| "RJ" series | | $3,000 |
| --- | --- | --- |

(a) The victims and amounts shown in the above table reflect all currently identified victims and known loss amounts.

(b) Irrespective of any payments by other defendants that are ordered to be jointly and severally liable for restitution, defendant understands he is liable for the full amount of restitution ordered until defendant has paid that amount in full or the victim's loss is repaid in full, whichever occurs first.

(c) Defendant acknowledges that the liability to pay restitution does not terminate until 20 years from entry of judgment or 20 years after defendant's release from imprisonment, whichever is later pursuant to 18 U.S.C. § 3613(b).

9. **Identification of Assets and Agreement Concerning Monetary Penalties.** In order to facilitate the collection of criminal monetary penalties, including restitution, fines, and assessments, to be imposed in connection with this case, defendant agrees as follows:

(a) Payments toward anticipated criminal monetary penalties made prior to sentencing will be held by the Court Clerk and then applied to the criminal monetary penalties following entry of the Judgment in a Criminal Case. If the amount paid prior to sentencing exceeds the amount ordered at sentencing, the United States Attorney's Office will request language to be included in the Judgment in a Criminal case to authorize the Court Clerk to refund any overpayment to defendant. Payments made prior to sentencing can be sent to the following address and should reference defendant's name and case number:

Clerk, U.S. District Court
401 N. Market, Room 204
Wichita, Kansas 67202

(b) Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control of more than $2,000 in value, without written approval from the United States Attorney's Office.

(c) Within 30 days of any request by the United States Attorney's Office, defendant agrees to execute a financial statement and provide supporting documentation. Defendant expressly authorizes the United States to obtain a credit report before sentencing. Further, defendant agrees to execute authorizations for the release of all financial information requested by the United States.

(d) Defendant agrees the United States Attorney's Office may, pursuant to F.R.Civ.P. Rule 45, subpoena any records it deems relevant to conduct a full financial investigation of defendant's assets prior to sentencing.

(e)    Defendant authorizes the United States to file a Notice of Lis Pendens prior to judgment on any real property in which defendant holds an ownership interest.

(f)    Defendant agrees that all information defendant provides to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office. Likewise, all information defendant provides to the United States Attorney's Office or independently obtained by the United States Attorney's Office in the course of its financial investigation of defendant may be provided to the United States Probation Office.

(g)    All monetary penalties (including any fine, restitution, assessment, or forfeiture judgment) imposed by the Court, will be due and payable immediately and subject to immediate enforcement by the United States. Any payment schedule set by the Court is a minimum schedule of payment and not a limitation on the United States to enforce the judgment.

(h)    Defendant waives any requirement for demand of payment on any criminal monetary penalties or forfeiture judgment entered by this Court.

(i)    Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement of default.

(j)    If defendant posted funds as security for defendant's appearance in this case, the defendant authorizes the Court to release the funds posted the Court Clerk to be applied to the criminal monetary impositions at the time of sentencing.

(k)    Defendant understands he has an obligation to notify the court and the United States Attorney's Office of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution pursuant to 18 U.S.C. § 3664(k).

(l)    Defendant understands that failure to comply with the provisions of this section may constitute a breach of this plea agreement, as outlined in Paragraph 5, above.

10.    **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

11.    **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court

payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

12. **<u>Waiver of Appeal and Collateral Attack.</u>** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including assessments and restitution, as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

13. **Defendant's Agreements.**

The defendant knowingly and voluntarily waives the statute of limitations for the offense charged in the Information filed in this case, as more than five years elapsed from its commission until the charge was filed against him.

The defendant knowingly and voluntarily waives venue for the offense charged in the Information filed in this case, as the false statements were made to executive branch officials in the Northern District of Texas, and he agrees to face this charge in the District of Kansas.

The defendant knowingly and voluntarily agrees to a condition of supervision in this case to include a sex offender evaluation and to abide by any and all recommendations made with that evaluation.

The defendant knowingly and voluntarily agrees to a condition of supervision in this case to participate in cybercrime management informing the Probation Office of all computer devices possessed or accessible to him and will not acquire or access new or additional computer devices unless approved by the Probation Office. This condition includes the standard computer monitoring program utilized by the Probation Office in whatever District the defendant may live.

14. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

15. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

16. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

17. **Deportation Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to his naturalized citizenship status. Under federal law, certain circumstances may provide for a civil denaturalization process, including the commission of a broad range of undisclosed crimes before naturalization. Denaturalization and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his naturalization status. Defendant nevertheless affirms that he wants to plead guilty, regardless of any immigration consequences that his plea may entail, even if the consequence is his denaturalization and removal from the United States.

18. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

19.     **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.


Date:  March 26, 2026

Scott C. Rask
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730
(913) 551-6541 (fax)
Scott.Rask@usdoj.gov
Kan. S. Ct. No. 15643


s/ *Taylor Hines*                                        Date:  March 26, 2026

Taylor Hines
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730
(913) 551-6541 (fax)
Taylor.Hines@usdoj.gov
Kan. S. Ct. No. 28101


s/ *Larry Fadler*                                        Date:  March 27, 2026

Larry Fadler
Deputy Criminal Chief
500 State Avenue, Suite 360

11

Kansas City, Kansas 66101
(913) 551-6730
(913) 551-6541 (fax)
Larry.Fadler@usdoj.gov
Kan. S. Ct. No. 30243

Junjie Zhang
Defendant

Date: 3/30/26

Melanie S. Morgan
Morgan Pilate, LLC
926 Cherry Street
Kansas City, Missouri 64106
(816) 471-6694
mmorgan@morganpilate.com
Kan. S. Ct. No. 16088
Counsel for defendant

Date: 3.30.26

Kylie P. Mank
Morgan Pilate, LLC
926 Cherry Street
Kansas City, Missouri 64106
(816) 471-6694
kmank@morganpilate.com
Kan. D. Ct. No. 78955
Counsel for defendant

Date: 3-30-26